**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ME SPE Franchising LLC, | No. CV-21-00458-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| NCW Holdings LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff ME SPE Franchising LLC's Motion for Preliminary Injunction (Doc. 9). Defendants filed a Response (Doc. 23), and Plaintiff filed a Reply (Doc. 27). The matter is fully briefed.[1]

**I.  Background**

Plaintiff, a franchisor of massage therapy and personal health clinics, alleges its franchise agreements with Defendants have expired, and that Defendants are currently operating their businesses in violation of the agreements and in violation of Plaintiff's trademark rights. (Doc. 1 at ¶¶ 51–81). To stop the alleged trademark violations, Plaintiff requests the Court issue a preliminary injunction. (Doc. 9 at 2).

**II.  Legal Standard**

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It is well established that to

---

[1] Both Plaintiff and Defendants requested oral argument on this matter. The Court denies this request as the matter is fully briefed and further argumentation will not assist the Court make its decision. *See* Fed. R. Civ. P. 78(b) (stating that a court may decide motions without oral hearings); LRCiv 7.2(f) (same).

obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the plaintiff's favor, and (4) that the public interest favors injunctive relief. *Id.* at 20.

**III. Analysis**

The Court will focus its analysis on whether Plaintiff shows it will likely suffer irreparable harm without a preliminary injunction. Here, Plaintiff's alleged harm is that it has lost control over its business reputation. (Doc. 9 at 14). Plaintiff also points to the potential damage to its goodwill that could ensue without this Court's intervention. (Doc. 9 at 14). It argues that "any customer dissatisfaction . . . is likely to be wrongly attributed to MEF . . . ." (*Id.* at 16).

In the Ninth Circuit, "[e]vidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). Defendants argue that no such evidence exists. (Doc. 23 at 14). In fact, Plaintiff emailed Defendants and thanked them for their sales performance in April 2021, the month after Plaintiff filed its Motion for Preliminary Injunction. (Doc. 23-1 at 96). "Your teams [sic] ability to close above 23% for the entire month is proof that you have trained and supported the right sales behaviors! Way to go!" (*Id.*)

In its Reply, Plaintiff argues that simply by losing control over its own trademark, it has suffered irreparable harm. (Doc. 27 at 10). The only case in this Circuit that Plaintiff cites for support is *7-Eleven, Inc. v. Dhaliwal*, 2012 WL 5880462 (E.D. Ca. Nov. 21, 2012). (Doc. 27 at 10). In *7-Eleven*, the district court held a defendant's continued unauthorized used of a trademark "is enough to show irreparable harm." 2012 WL 5880462, at *7. That case, however, was decided before *Herb Reed*, wherein the Ninth Circuit noted that recent Supreme Court precedent "cast doubt" on the proposition that irreparable injury may be presumed in trademark claims. 736 F.3d at 1248–49. For example, in *eBay Inc. v. MercExchange, LLC*, the Court reiterated that it had "consistently rejected invitations to

replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." 547 U.S. 388, 392–93 (2006). Following the Supreme Court's guidance, the Ninth Circuit has rejected the presumption of irreparable harm in trademark claims. *Herb Reed*, 736 F.3d at 1250. Now, district courts must ground their irreparable harm analysis in evidence as to whether irreparable injury is likely and whether money damages are inadequate. *Id.* In other words, *7-Eleven* is stale law.

The Court turns to the evidence. In its briefing, Plaintiff only offers the hypothetical of dissatisfied customers who blame Plaintiff for their unhappiness. But this hypothetical is not rooted in evidence showing that irreparable harm is likely, nor is it rooted in evidence showing damages at law would not redress such an injury. *See id.* Besides offering the hypothetical, Plaintiff attached some online reviews of the Defendants' businesses to its Motion. (Doc. 9 at 10 (citing Doc. 9-1 at 29–53)). Of all the reviews, only one was posted after September 2020, when the franchise agreements were alleged to have ended. (Docs. 9-1 at 48; 1 at ¶ 34). That reviewer gave the business two out of five stars. (Doc. 9-1 at 48). This lone negative review does not convince the Court that Plaintiff is experiencing irreparable harm to its reputation or goodwill warranting the "extraordinary" remedy of a preliminary injunction. *See Winter*, 555 U.S. at 24. In fact, this reviewer's rating is precisely consistent with that particular franchise location's average rating of two stars. (Doc. 9-1 at 53). Finally, Plaintiff's continued encouragement for Defendants' business practices further satisfies the Court that Plaintiff will not suffer irreparable harm without an injunction. (*See* Doc. 23-1 at 96).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **denied**.

Dated this 7th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge

- 3 -