**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ME SPE Franchising LLC, | No. CV-21-00458-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| NCW Holdings LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff ME SPE Franchising LLC's Motion for Default Judgment (Doc. 46).  Defendants have not filed a response in opposition, and the time in which to do so has passed.  For the following reasons, the Court grants Plaintiff's Motion.

**I.    Background**

As alleged in the Complaint, Plaintiff is a franchisor of massage therapy and personal health clinics.  (Doc. 1 at ¶ 2).  Plaintiff claims its franchise agreements with Defendants have expired, and that Defendants are currently operating their businesses in violation of the agreements and in violation of Plaintiff's trademark rights.  (*Id.* at ¶¶ 51–81).  The Complaint brings two claims under the Lanham Act, a claim of unfair competition, and two breach of contract claims.  (*Id.* at ¶¶ 51–81).

Defendants have appeared and filed an Answer.  (Doc. 20).  However, since the Court permitted Defendants' counsel to withdraw, Defendants have since failed to pursue this matter or hire new counsel.  The Court entered default against Defendants on January 5, 2022.  (Doc. 42).  And Plaintiff filed this Motion on March 30, 2022.

## II.      Legal Standard

Courts strongly prefer to decide cases on their merits, but they may use their discretion to enter default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55.  If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  If there is jurisdiction, courts must then consider several factors to determine whether default judgment is appropriate: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72.  Upon default, a complaint's factual allegations are taken as true, except for those relating to damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.     Jurisdiction and *Eitel* Analysis

Because the Complaint contains federal causes of action, the Court has original subject matter jurisdiction over this matter.  28 U.S.C. § 1331.  The Court notes that Defendants submitted to the Court's personal jurisdiction in their Answer.  (Doc. 20 at ¶ 14).  Having found subject matter jurisdiction and personal jurisdiction over Defendants, the Court proceeds to the *Eitel* factors.

### a.  Possibility of Prejudice to Plaintiff

Without a judgment against Defendants, Plaintiff would lack a remedy for its damages.  Therefore, this factor favors entry of default judgment.

### b.  Merits of Substantive Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010).  Given that Defendants have filed an

Answer indicates that the Complaint is at least sufficient to meet federal pleading standards.  Upon its own review the Court finds that the Complaint suffices to place Defendants on notice of the claims.  These factors favor entry of default judgment.

### c.  Sum at Stake

Here, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct.  *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."  *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).  Here, Plaintiff seeks permanent injunctive relief for the infringement on its trademark, in addition to attorney fees and costs. The court finds that the relief sought is proportional to the seriousness of the Defendant's conduct, and the factor favors entry of default judgment.

### d.  Possibility of Dispute

At this stage, the allegations are taken as true.  *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low.  This factor favors entering default judgment.

### e.  Excusable Neglect

Defendants have appeared in this matter, and yet they have not maintained their defense.  The possibility of excusable neglect is low.  This factor favors entering default judgment.

### f.  Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendant has failed to plead or otherwise defend this action.  Therefore, this factor weighs against granting default judgment.

Overall, the Court finds the *Eitel* factors support an entry of default judgment against Defendant.

## IV.  Relief

Having found default judgment proper, the Court must determine what relief Plaintiff is entitled to.  "Injunctive relief is the remedy of choice for trademark and unfair

competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).  Relief may not differ in kind or exceed what was demanded in the pleadings. Fed. R. Civ. P. 54(c).  This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile.  *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007).

Plaintiff's Complaint sought injunctive relief that (1) prohibited Defendants from using Plaintiff's trademark, (2) prohibited them from using Plaintiff's confidential information, (3) to return various business materials identifying Defendants' clinics as part of Plaintiff's franchise, (4) prohibiting Defendants from having a beneficial interest in any competitive business within 25 miles of the franchises for a period of 18 months, and (5) requiring Defendants to submit a sworn affidavit evidencing compliance with the injunction. (Doc. 1 at 18–19).  The Complaint also sought an award of attorney fees and costs.  (*Id.* at 19).  The injunctive relief that Plaintiff seeks in its Motion for Default Judgment does not differ from what was sought in the Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 46 is **GRANTED**.  The Clerk shall enter judgment in favor of Plaintiff for all of the claims in its Complaint.

**IT IS FURTHER ORDERED** entering the following injunction:

1. Defendants their agents, servants, and employees, and those people in active concert or participation with them, are enjoined from:

   a. Identifying themselves or any business they own, operate or are affiliated with as a current or former Massage Envy clinic or as a Massage Envy franchisee;

   b. Using the Massage Envy System and any marks registered by or assigned to MEF, or any trade name, trademark, service mark, logo, or other commercial symbol that indicates or suggests a connection or association

with the Massage Envy System or MEF (the "Marks"); and

    c.  Using any Mark, any colorable imitation of a Mark, a trademark, service mark or commercial symbol that is confusingly similar to any Mark, or other indicia of a Massage Envy clinic in any manner or for any purpose.

2. Defendants, their agents, servants and employees, and those people in active concert or participation with them, are ordered to take all action required to cancel all fictitious or assumed name or equivalent registrations relating to their use of any Marks.

3. Defendants, their agents, servants and employees, and those people in active concert or participation with them, are ordered to cease using MEF's confidential and proprietary information, including without limitation, information relating to the development and operation of Massage Envy clinics and any related methods, formats, specifications, standards, procedures, sales and marketing, supplies, finances, or customer data (collectively, "Confidential Information").

4. Defendants, their agents, servants and employees, and those people in active concert or participation with them, are ordered to:

    a.  Immediately cease using any Confidential Information and return to MEF all copies of MEF's Operations Manual and other Confidential Information, including, without limitation, any and all customer membership agreements, customer account data, and customer address/contact information;

    b.  Turn over to MEF all advertising, marketing, promotional materials, forms, and other materials containing any Marks or otherwise identifying or relating to a Massage Envy clinic;

    c.  Notify all search engines of the expiration of Defendants' right to use all domain names, websites, and other search engines associated directly or indirectly with Defendants' former Massage Envy clinics and authorize

those   search engines to transfer to MEF or its designee all rights thereunder; and

    d. Notify the telephone company and all telephone directory publishers of the expiration of Defendants' right to use any telephone, other numbers, and telephone directory listings associated with the Marks, and authorize the transfer of those assign their telephone numbers (including (484) 586-6000 and (484) 572-2000), white and yellow page telephone references and advertising, domain names, social media pages (including, but not limited to, Facebook and Yelp) to MEF or its designee.

5. Defendants and their immediate family members are hereby enjoined, for a period of eighteen (18) months from the date of this Order, from operating or having any direct or indirect interest as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative, or agent in any business that derives more than fifty thousand dollars ($50,000.00) of revenue per year from the performance of massage or massage-related services, or any business which grants franchises or licenses to operate such a business, (i) at 44 Greenfield in Ardmore, Pennsylvania; (ii) at 283 E. Swedesford Road in Wayne, Pennsylvania; or (iii) within a 25-mile radius of any other Massage Envy clinic in operation or under construction as of the date of this Order.

6. Defendants are ordered to file with the Court and to serve upon MEF's counsel, within 30 (thirty) days after service of this Order, a written report, under oath, setting forth in detail the manner in which Defendants have complied with this Order.

…

…

…

…

…

- 6 -

**IT IS FINALLY ORDERED** that Plaintiff may file an application for fees and costs in accordance with Local Rule of Civil Procedure 54.2.

Dated this 14th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge